Per Curiam.

In view of the nature of the causes of action pleaded it would be unreasonable to expect plaintiff to state as a fact, either in the amended complaint or by way of a bill of particulars, matters which under the theory of the actions are entirely within the knowledge of defendants. The sufficiency of the allegations of the amended complaint has been upheld (275 App. Div. *1003 652) and plaintiff is entitled to an opportunity of obtaining the proof necessary to sustain its claim, if it can.
Defendants concede that a one-sided investigation directed by one of their number revealed that the correct amount of receipts had not been reported, and that plaintiff had been deprived of at least $5,527.10 in license fees. Furthermore, it appears that defendants permitted plaintiff to examine certain records covering a fragmentary portion of the period in controversy and despite the limited examination allowed, discrepancies amounting to approximately $75,000 of admission receipts were discovered.
An examination and discovery and inspection restricted to defendants’ principal books of account and limited to the period during which plaintiff’s pictures were shown would be meaningless. The claim made is that the reports submitted to plaintiff were based upon records which had been falsified for the purpose of concealing the true facts. In such circumstances a complete examination and discovery permitting inspection of all subsidiary records is necessary in order that the true facts be ascertained. Such relief has been granted in analogous situations (Ocean Accident & Guar. Corp. v. Marcus Contr. Co., 226 App. Div. 789; Globe Ind. Co. v. Saffese-Strunsky, Inc., 235 App. Div. 613). Moreover, in this case the licensing agreements themselves give plaintiff the right to audit and examine all of the exhibitors’ books and records relating to operating expenses where such expenses are an element to be considered in the computation of license fees.
While the relief granted at Special Term appears to be fully warranted by the record before us, there is a possibility that the expenses involved may be out of proportion to the recovery, if any. The order appealed from should, therefore, be modified by providing that the expenses of the reference be borne in the first instance by the plaintiff and assessed as costs in the judgment, as the trial court may deem proper, and as so modified affirmed, with costs to the respondents.